Christopher E. Roberts (SBN 363586)
BUTSCH ROBERTS & ASSOCIATES LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Telephone: (314) 863-5700
Email: CRoberts@butschroberts.com

*Attorney for Plaintiff Cynthia Carrodine and the Putative Class*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CYNTHIA CARRODINE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IJJ CONSULTING, INC. d/b/a ASD SERVICE DEPARTMENT; NUCLEO LLC d/b/a HOMEDRIVE ASSURANCE; A & E VEHICLE SERVICES INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:26-cv-3062<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

# CLASS ACTION COMPLAINT

COMES NOW Plaintiff Cynthia Carrodine, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendants IJJ Consulting, Inc. d/b/a ASD Service Department, Nucleo LLC d/b/a HomeDrive Assurance, and A & E Vehicle Services Inc., states:

## BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff Cynthia Carrodine ("Ms. Carrodine" or "Plaintiff") brings this case to protect the privacy rights of herself and a class of similarly situated people to whom Defendants IJJ Consulting, Inc. d/b/a ASD Service Department ("ASD"), Nucleo LLC d/b/a HomeDrive Assurance ("HomeDrive"), and A & E Vehicle Services Inc. ("A&E") (collectively, "Defendants") placed, or directed or caused others to place on their behalf, telemarketing text messages despite their phone numbers being registered on the National Do-Not-Call Registry ("DNC List"). Plaintiff brings claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and its implementing regulations.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. As part of the TCPA, Congress directed the Federal Communications Commission ("FCC") to establish a national database of telephone subscribers who object to receiving telephone solicitations. See 47 U.S.C. § 227(c)(3). The National Do-Not-Call Registry has been in operation since 2003, and the TCPA's implementing regulations prohibit the initiation of more than one telephone solicitation within a 12-month period to a residential telephone subscriber whose number has been registered on the DNC List. See 47 C.F.R. § 64.1200(c)(2).

4. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Ms. Carrodine, frequently face. For example, in 2026 alone, approximately 36.5 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited October 12, 2026).

5. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. See Sarah Krouse, The FCC Has Fined Robocallers $208 Million. It's Collected $6,790, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

6. At all times relevant to this Complaint, Ms. Carrodine resided in and has been a citizen of the State of Nevada.

7. Ms. Carrodine brings this action on behalf of herself, and all others similarly situated.

8. Ms. Carrodine is the owner of a cellular phone. The phone number associated with her phone is 702-XXX-1061.

9. Ms. Carrodine uses her phone for residential purposes, namely, to communicate with family members and friends. Ms. Carrodine's phone is not associated with a business.

10. Ms. Carrodine's phone account is not held in the name of a business.

11. Ms. Carrodine is a person within the meaning of the TCPA and a residential telephone subscriber within the meaning of the TCPA's implementing regulations. See 47 U.S.C. § 153(39); 47 C.F.R. § 64.1200(c)(2), (e).

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

12. To obtain solitude from unwanted telemarketing calls, Ms. Carrodine registered her phone number, 702-XXX-1061, on the DNC List on December 17, 2019, which was more than thirty days before each of the text messages at issue in this Complaint.

13. Defendant IJJ Consulting, Inc. is a California corporation that does business under the fictitious name "ASD Service Department," with its principal place of business at 3505 Cadillac, Building O, Suite 106, Costa Mesa, CA 92626. Defendant IJJ Consulting, Inc. identifies its "type of business" as "Vehicle Warranty."

14. Defendant Nucleo LLC is a California limited liability company that does business under the name "HomeDrive Assurance," with its registered agent located at 2445 Augustine Drive, Santa Clara, CA 95054.

15. Defendant A & E Vehicle Services Inc. is a California corporation with its principal place of business at 2000 E. McFadden Avenue, Suite 201, Santa Ana, CA 92705. On information and belief, A&E owns and operates the website autoservicecenter.us, a lead-capture platform used to generate and transmit automated telemarketing concerning the sale of vehicle warranty products. Defendant's business is identified with the California Secretary of State as "Finance and Insurance."

16. Defendants market and sell extended vehicle service contract products to consumers in Nevada and throughout the United States and transact business in Nevada and throughout the United States.

17. Defendants Does 1 through 10 are persons or entities, whose identities are presently unknown to Plaintiff, that placed or transmitted, or participated in placing or transmitting, telemarketing text messages marketing Defendants' vehicle service contract products, including the operator or operators of the platform

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

ethicalcommunity.org. Plaintiff will amend this Complaint to allege the Doe Defendants' true names and capacities when they have been ascertained.

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

19. This Court also has subject matter jurisdiction over this dispute under the Class Action Fairness Act, as the parties are minimally diverse, and the amount in controversy exceeds $5 million. See 28 U.S.C. § 1332(d)(2).

20. This Court has personal jurisdiction over Defendants because Defendants are California entities with their principal places of business in California, directed the telephone solicitations at issue from California, and transact business in the State of California.

21. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because all Defendants reside in California and at least one Defendant resides in this District.

**Defendants' Aggressive Telemarketing**

22. Defendants engage in extensive and harassing telemarketing to market their vehicle service contract products.

23. On information and belief, Defendants' telemarketing campaign transmits automated text messages from rotating outbound telephone numbers under generic "front" brand names – including "AE Vehicle Services" and "AE Auto Service Center" – to evade call-blocking technology and to conceal the true identity of the seller unless and until a sale is completed.

24. On information and belief, Defendants' telemarketing campaign operates as a coordinated chain: A&E owns and operates the lead-capture platform through which automated text messages are generated; ASD transmits the text messages under the "AE Vehicle Services" and "AE Auto Service Center" brand names; and the text messages direct consumers to call toll-free telephone numbers

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

answered by, or routed to, HomeDrive, whose representatives then solicit consumers to purchase auto protection products.

25. A&E's own website acknowledged the automated nature of the campaign. The consent language on autoservicecenter.us stated that consumers who submit A&E's form "authorize text messages . . . even if your phone is a mobile number or is currently listed on any state, federal, or corporate Do Not Call lists," and A&E's terms authorized contacts from "AE Vehicle Services Inc. and our authorized partners." Ms. Carrodine never submitted any such form or otherwise agreed to any such terms.

26. HomeDrive's own website likewise confirms this marketing model. The consent language on homedriveassurance.com states that consumers who submit HomeDrive's form "consent to HomeDrive Assurance contacting you via call or email using automated technology," and extends that purported consent to HomeDrive "and its partners" – confirming that HomeDrive markets its products through third-party vendors. Ms. Carrodine never submitted any such form or otherwise provided any such consent.

27. Other consumers have complained about the same solicitation practices. ASD holds an "F" rating with the Better Business Bureau, and, on information and belief, multiple consumers have independently reported receiving unsolicited automated text messages from "AE Vehicle Services" and "AE Auto Service Center" – the same brand names used in the text messages sent to Ms. Carrodine.

28. Ms. Carrodine never provided prior express invitation or permission, or any other form of consent, for any Defendant, or anyone acting on any Defendant's behalf, to contact her on her phone, and Ms. Carrodine had no established business relationship with any Defendant before the text messages described below.

29. On August 15, 2025, at approximately 12:00 p.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone a text message from phone number 839-222-7551. The message stated:

> Cynthia, coverage on your 2015 Hyundai Sonata was deactivated. Call 1-844-234-0425 to restore before further issues arise. Text STOP to opt out.

30. On September 1, 2025, at approximately 7:10 a.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone a text message from phone number 833-707-2740, branded "AE Auto Service Center." The message stated:

> Cynthia, your 2015 Hyundai Sonata is NO LONGER COVERED. Repairs won't be paid for unless you act. Call AE Auto Service Center NOW: 1-833-707-2740. Text STOP to opt out.

31. On September 9, 2025, at approximately 1:07 p.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone another text message from phone number 833-707-2740. The message stated:

> Cynthia, this is NOT a drill. The 2015 Hyundai Sonata has NO mechanical protection. Last opportunity to renew: 1-833-707-2740. Text STOP to opt out.

32. On September 18, 2025, at approximately 7:03 a.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone another text message from phone number 833-707-2740, again falsely stating that Ms. Carrodine's vehicle was "NO LONGER COVERED" and directing her to call 1-833-707-2740.

33. On September 29, 2025, at approximately 8:01 a.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone another text message from phone number 833-707-2740. The message stated:

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

> Immediate Risk, Cynthia: Your 2015 Hyundai Sonata coverage is GONE. AE Auto Service Center urges you to call now 1-833-707-2740. Text STOP to opt out.

34. On October 5, 2025, to determine who was calling her, Ms. Carrodine called Defendants.

35. On December 2, 2025, at approximately 10:04 a.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone a text message from phone number 607-695-6776, branded "AE Vehicle Services." The message stated:

> Alert Cynthia: Your 2015 Hyundai Sonata warranty benefits are about to end. Don't lose your protection – AE Vehicle Services is waiting at 1-844-494-1720. Call now. Text STOP to opt out.

36. On February 24, 2026, at approximately 11:09 a.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone a text message from phone number 762-238-7225, branded "AE Vehicle Services." The message stated:

> Cynthia, a protection plan for your 2015 Hyundai Sonata was started but not completed. AE Vehicle Services needs confirmation. 1-844-494-1720. Text STOP to opt out.

37. On March 12, 2026, at approximately 8:24 a.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone a text message from phone number 828-812-8913, branded "AE Vehicle Services." The message stated:

> Service Alert: Cynthia, AE Vehicle Services has flagged the 2015 Hyundai Sonata for a coverage status check. Please call 1-844-494-1720. Reply STOP to opt out.

38. On March 26, 2026, at approximately 10:20 a.m., Defendants, or someone acting on their behalf, sent Ms. Carrodine's phone a text message from phone number 864-702-3210, branded "AE Vehicle Services." The message stated:

> AE Vehicle Services: Cynthia, we have an update regarding coverage eligibility for your 2015 Hyundai Sonata. Please call 1-844-494-1720. Reply STOP to opt out.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

39. In total, Defendants, or someone acting on their behalf, sent Ms. Carrodine at least nine telemarketing text messages between August 15, 2025 and March 26, 2026, transmitted from six different rotating sender numbers. Two of the messages – the September 1, 2025 message sent at approximately 7:10 a.m. and the September 18, 2025 message sent at approximately 7:03 a.m. – were transmitted before 8:00 a.m. local time.

40. Each of the text messages directed Ms. Carrodine to call one of three toll-free callback numbers: 1-844-234-0425, 1-833-707-2740, or 1-844-494-1720. On information and belief, each of these numbers is or was at one time operated by or on behalf of HomeDrive.

41. When Ms. Carrodine called the callback number provided in the text messages, she was connected by warm transfer to a live representative of HomeDrive, who solicited Ms. Carrodine to purchase auto protection products.

42. Ms. Carrodine accordingly received more than one telephone solicitation made by or on behalf of the same entity within a 12-month period.

43. On information and belief, each of the text messages (which are considered calls under the TCPA) sent to Ms. Carrodine and the putative class members was sent for the purpose of encouraging the purchase of Defendants' vehicle service contract products.

44. Ms. Carrodine believes that Defendants, or those acting on their behalf, sent her additional text messages or placed additional calls not identified in this Complaint.

45. Defendants' conduct violated the privacy rights of Plaintiff and the putative class members, as they were subjected to annoying and harassing text messages. The text messages intruded upon the rights of Plaintiff and the putative class members to be free from invasion of their interest in seclusion.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

46. Defendants' conduct caused Plaintiff and the putative class members to waste time addressing and/or otherwise responding to the unwanted text messages.

47. On information and belief, Defendants placed, or directed others to place on their behalf, text messages and calls to Plaintiff and the putative class members for the purpose of selling their products and services.

**Class Allegations**

48. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of herself, and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

49. Plaintiff seeks to represent the following class:

> **National DNC Class:** All persons in the United States who from four years prior to the filing of this lawsuit, through the date of class certification: (1) who were sent two or more telemarketing text messages or calls by or on behalf of Defendants in a twelve-month period; and, (2) whose phone numbers had been registered on the DNC List for more than thirty days.

50. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

51. The members of the proposed class are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendants' actions. The phone numbers of the members of the proposed class are readily identifiable through records available to Defendants or those acting on their behalf.

52. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

53. On information and belief, Defendants have sent, and continue to send, telemarketing text messages to people whose phone numbers are on the National

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

Do-Not-Call Registry. It is reasonable to expect that Defendants will continue to send such messages absent this lawsuit.

54. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a. Whether Defendants, or those acting on their behalf, sent text messages or placed phone calls to persons whose phone numbers were listed on the National Do-Not-Call Registry;

b. Whether Defendants' conduct violates 47 U.S.C. § 227(c);

c. Whether Defendants' conduct violates the rules and regulations implementing the TCPA; and,

d. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendants' conduct.

55. Plaintiff's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and are based on the same legal theories.

56. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class she seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action litigation, TCPA litigation, and consumer law.

57. Plaintiff's counsel will vigorously litigate this case as a class action, and Plaintiff and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

58. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

59. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

60. Questions of law and fact, particularly the propriety of sending telemarketing text messages to persons whose phone numbers are on the National Do-Not-Call Registry, predominate over questions affecting only individual members.

61. Defendants have acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) – Do-Not-Call Registry Violations**

62. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

63. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

each violation, and up to $1,500 for each violation, if the violation is determined to be willful. See 47 U.S.C. § 227(c)(5).

64. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(2). Text messages are "calls" within the meaning of the TCPA and its implementing regulations.

65. A seller of goods or services may not avoid liability under the TCPA by outsourcing its telemarketing to third parties. Calls and text messages placed by a third-party telemarketer to promote a seller's goods or services are made "on behalf of" the seller, and the seller may be held liable for such calls and text messages, including under federal common law principles of agency, apparent authority, and ratification.

66. HomeDrive accepted, and retains, the benefits of the telemarketing campaign directed at Plaintiff and the putative class members, including by accepting warm-transferred sales calls generated by the text messages at issue, and thereby directed, authorized, and/or ratified the conduct of ASD, A&E, and the Doe Defendants. Each Defendant accepted, and retains, the benefits of the telemarketing campaign.

67. In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA and the TCPA's regulations prohibiting calls and text messages to phone numbers that are registered on the National Do-Not-Call Registry. See 47 U.S.C. § 227(c)(5)(A).

68. By sending text messages, and by directing, authorizing, and/or ratifying text messages sent on their behalf, to the phones of Plaintiff and the putative class members after their numbers were registered on the National Do-Not-Call

Registry for more than thirty days, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

69. Defendants knew or should have known that Plaintiff and the putative class members did not wish to receive text messages or phone calls as such persons' phone numbers were registered on the National Do-Not-Call Registry.

70. Plaintiff and the putative class members are entitled to damages of $500.00 per violation for each text message or call placed to them in violation of the TCPA and up to $1,500.00 per violation if the Court finds that Defendants willfully violated the TCPA.

**Demand for Judgment**

WHEREFORE Plaintiff Cynthia Carrodine, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendants pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Plaintiff as the class representative;

b. Enter an order appointing Plaintiff's counsel as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class, and against Defendants, jointly and severally, for all damages available under the TCPA, including statutory damages of $500 per violation of the TCPA, or up to $1,500 per violation of the TCPA if Defendants willfully violated the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendants from violating the TCPA and the TCPA's corresponding regulations prohibiting Defendants from sending, or directing others to send on their behalf, text messages or phone calls to persons whose phone numbers are registered on the National Do-Not-Call Registry;

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

e. Award Plaintiff and the class all expenses of this action, and require that Defendants pay the costs and expenses of class notice and administration;

f. Award Plaintiff and the class their court costs, and all applicable pre- and post-judgment interest; and,

g. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Cynthia Carrodine demands a jury trial.

Dated: October 19, 2026

Respectfully submitted,

BUTSCH ROBERTS & ASSOCIATES LLC

*/s/Christopher E. Roberts*
Christopher E. Roberts (SBN 363586)
Email: CRoberts@butschroberts.com
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Telephone: (314) 863-5700

*Attorney for Plaintiff*

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700